[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2008
THOMAS K. KAHN
CLERK

No. 07-12514
Non-Argument Calendar

_____

D. C. Docket Nos. 03-03242-CV-JOF-1 & 00-00357 CR-JOF

JOHN CUTHBERT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 21, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

John Cuthbert, a federal prisoner, appeals from the district court's denial of

his pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. He contends that his trial counsel, John Pickens, rendered ineffective assistance by failing to call character witnesses and also deprived Cuthbert of his right to testify on his own behalf.

Defendants have the right to assistance of counsel during criminal prosecutions. U.S. Const. Amend. VI. This right to counsel "is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) (quotation omitted). "Under Strickland, a movant demonstrates ineffective assistance of counsel by showing (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Devine, 520 F.3d at 1288 (quotation omitted). "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

With respect to Strickland's performance prong, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. The petitioner must establish that particular and identified acts or omissions of counsel were outside the wide range

2

of professionally competent assistance." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (en banc) (citations and quotation omitted). However, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (quotations and alteration omitted). "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy. Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Id. (quotation and citation omitted).

## I.

In regard to the claim about council's failure to call character witnesses, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." Walter v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Counsel decided not to call two character witnesses at Cuthbert's trial because the district court had ruled that if any character evidence was presented a recorded conversation that might have been damaging to the defense could be introduced by the prosecution. The

3

decision to avoid risking that damage was a reasonable one.

Counsel's decision not to pursue the evidentiary ruling issue by submitting a transcript of the recorded conversation, as he was invited by the court to do, was also objectively reasonable because of the slim chance that doing so would have brought about a favorable ruling. Not only that, but Cuthbert has failed to carry his burden of establishing prejudice by showing a reasonable probability of a different result if counsel had pursued the matter. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

## II.

As for Cuthbert's other claim, "a criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). "[T]he appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under Strickland . . . ." Id. at 1534.

> Where the defendant claims a violation of his right to testify by
> defense counsel, the essence of the claim is that the action or inaction
> of the attorney deprived the defendant of the ability to choose whether
> or not to testify in his own behalf. In other words, by not protecting
> the defendant's right to testify, defense counsel's performance fell
> below the constitutional minimum, thereby violating the first prong of

the Strickland test. For example, if defense counsel refused to accept the defendant's decision to testify and would not call him to the stand, counsel would have acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify. Alternatively, if defense counsel never informed the defendant of the right to testify, and that the ultimate decision belongs to the defendant, counsel would have neglected the vital professional responsibility of ensuring that the defendant's right to testify is protected and that any waiver of that right is knowing and voluntary.

Id.

Counsel testified, in effect, that Cuthbert was aware of his right to testify and did not insist on testifying. Cuthbert testified to the contrary. The district court credited counsel's testimony over Cuthbert's. We are not persuaded that credibility determination was clearly erroneous. It follows that Cuthbert has failed to establish the factual predicate for this claim.

## III.

We AFFIRM the district court's denial of Cuthbert's § 2255 motion.